NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESSE JAMES JOHNSON, *Appellant.*

No. 1 CA-CR 13-0696

FILED 08-28-2014

Appeal from the Superior Court in Yavapai County
No.  V1300CR201280581
The Honorable Jennifer B. Campbell, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Napper Law Firm, Prescott
By John David Napper
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Andrew W. Gould joined.

---

**P O R T L E Y**, Judge:

¶1 This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Jesse James Johnson has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law, and has filed a brief requesting us to conduct an *Anders* review of the record. Defendant was given the opportunity to file a supplemental brief but has not done so.

**FACTS[1]**

¶2 Some fifteen to twenty feet of three-inch copper pipe was unlawfully removed from the basement ceiling of Verde Valley Medical Center ("Verde Valley") in Cottonwood late on December 10 or early on December 11, 2012. Although there was no sign of forced entry, a chain-link fence near the doors to the basement had been cut and peeled back. The police also found a shoe print on a compressor beneath the ceiling piping, and drag marks in the gravel outside the building.

¶3 On December 11, 2012, Road Runner Recycling ("Road Runner") bought six feet of copper pipe from Defendant for $38. Road Runner then contacted police about the purchase, and provided them with information about the sale, including the copper pipe.

¶4 The police conducted an investigation and obtained a warrant to search Defendant's house. While searching, the police discovered about four feet of copper pipe that looked like it had been cut from the piece sold to Road Runner. The police also found a Sawzall saw tool, blades, charger,

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

hiking boots, and more copper pipe.  The police also saw in plain sight and confiscated a marijuana pipe covered with marijuana residue.

¶5        Defendant was arrested and interrogated after being read his *Miranda* rights.[2]   He told police that he found copper pipe in a local cemetery next to a bag of tools and other items, and he took the copper home to sell.  He also admitted that he smoked marijuana and took responsibility for the pipe.

¶6        Defendant was charged by complaint with eight misdemeanor and felony counts, went to trial, and was convicted of theft from Verde Valley, theft by selling Road Runner stolen pipe, trafficking in stolen property in the first degree, and possession of drug paraphernalia.[3] Defendant was sentenced as follows: time served for the two misdemeanor theft convictions, six years in prison for trafficking in stolen property with 264 days of presentence incarceration credit, and a consecutive three years on probation for possession of drug paraphernalia with the possibility of 120 days in jail.  Defendant was also ordered to pay $40 in restitution to Road Runner and $2571 to Verde Valley.

¶7        We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[4]

## DISCUSSION

¶8        We have read and considered the brief, and have searched the entire record for reversible error.  We find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  The record, as presented, reveals that Defendant was represented by counsel at all stages of the proceedings, and the sentence imposed was within the statutory limits.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).
[3] The court granted Defendant's Arizona Rule of Criminal Procedure 20 motion on possession of stolen property.  The jury was hung on the charges of burglary in the third degree, criminal damage, and possession of burglary tools, and those charges were subsequently dismissed.
[4] We cite the current version of the statutes absent changes material to this decision.

¶9          After this decision is filed, counsel's obligation to represent Defendant in this appeal has ended.  Counsel must only inform Defendant of the status of the appeal and Defendant's future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Defendant may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

**CONCLUSION**

¶10          Accordingly, we affirm Defendant's convictions and sentences.

